TOM WADDELL, Jr., Associate Judge.
This is an appeal from a Summary Judgment entered in favor of two defendants, one a yacht broker and one the yacht seller. We reverse as to the defendant seller and affirm as to the broker.
Plaintiff-purchaser alleges that he contracted for a “new” yacht, with engines still under warranty. The yacht was supposedly built in 1971 and launched in 1972. The engines were supposedly 1971 models. The closing was in July 1973.
In December of 1973, the purchaser began having problems with the engines. When a claim was made under the warranty, the manufacturer denied the claim. Among other things, the purchaser learned one reason for the denial was that there had been a fire aboard the vessel. Damage from the fire had been repaired or concealed, depending upon whose interpretation you accept — the seller’s or the buyer’s.
The yacht was begun in 1966, engines delivered in 1967, launching took place in 1972. One engine had been run 42 hours, the other 152 hours according to the hour-meters.
In addition to a general denial, the seller raised the defenses of laches and “custom and practises of the yacht industry”.
The deposition and affidavits present conflicts but the trial judge in ruling on the Motion for Summary Judgment said, “ - _ - it is my view in reading the file prior to this and the research I did that there were enough red flags here to require Mr. Campbell to make an investigation, and he didn’t do it _ _ _ ”. It appears to us that this constitutes a finding of fact thus an entry of a Summary Judgment was erroneous as to Defendant, Co-well.
There was no evidence to support the claim against the broker Coville.
*1038 The cause is reversed and remanded as to Cowell and affirmed as to Coville.
MAGER, C. J., and CROSS, J., concur.